**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BELL SEMICONDUCTOR, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:20-CV-00048-JRG |
| | § | |
| TEXAS INSTRUMENTS | § | |
| INCORPORATED, | § | |
| | § | |
| *Defendant*. | § | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Bell Semiconductor, LLC and Defendant Texas Instruments Incorporated, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

1

The words "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" (or substantially similar designation) shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." For electronic files and documents produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or provided in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the producing Party and including the production number and designation associated with the native file.

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes

Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.  With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL") (or substantially similar designation),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.  A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein.

(a)     outside counsel of record in this Action for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     authors, drafters, or addressees of the documents or information, persons who have previously received the documents or information, directly or indirectly, from the producing Party, any party witness (e.g., 30(b)(6) witnesses) of the producing Party, and any person for whom prior authorization is obtained from the producing Party or the Court;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) such consultants or experts are not presently employed by a competitor of a Party[2]; (3) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with any professional affiliation of the proposed expert or consultant, and an up-to-date curriculum vitae identifying at least all other employments, clients, consultant positions within the last five (5) years, a list of the cases in which the expert or consultant has testified at a deposition or trial as per

---

[2] For clarity an expert or a consultant who is currently doing litigation consulting in a matter adverse to TI (for example in another litigation) or is working on consulting projects for a TI competitor is not excluded.

4

Federal Rule of Civil Procedure 26(a)(2)(B) at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. To the extent a consultant or expert has a contractual obligation forbidding disclosure of the identity of certain parties, the consultant or expert shall provide the general subject matter of such confidential undertakings and disclose whether such confidential undertaking involves non-litigation work for a competitor to a Party. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, translation, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, as there is a confidentiality provision in the service contract or established confidentiality agreements in place; and

(g) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action or any related appellate or agency proceeding between the parties, and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts,

summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYESONLY," or to the extent such Protected Material includes computer source code, live data (that is, data as it exists residing in a database or databases), and/or other highly sensitive and proprietary technical information ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE." For clarity, Source Code Material includes instructions contained in files (such as .c, .h, .cpp, .cs, .java, make, .msm, .dra, .brd, .sip, and .gds files, netlist files, Hardware Description Language (HDL) files, Register Transfer Level (RTL) files, Cadence and other computer aided design files, chip level schematics, layout files (such as GDS, GDSII, OASIS, , LAFF, or other comparable file types) and Detailed Process Flows or Recipe files. "Detailed Process Flow" shall mean a chart, diagram, or other type of document (or set of documents) that describes the manufacture or assembly of a finished integrated circuit, including the order of steps, applicable tooling Recipes, types of materials, thickness of materials, properties of materials, or the manufacturing process for a specific integrated circuit. "Recipe" shall mean a document constituting or containing, whether in text, a chart, a diagram, or other manner of presentation of information, a description of the specific formula or recipe for configuring

tools used in the manufacture or assembly of a finished integrated circuit, including without limitation the order of steps, types of materials, thickness of materials, properties of materials, and the manufacturing process for a specific integrated circuit.[3] Documents describing how source code operates (for example, architecture documents, program manuals, PowerPoint presentations, etc.) are not "Source Code Material" and are not subject to the restrictions in Paragraph 10, such materials shall be treated and exchanged in the same manner as other discovery. However, to the extent the Producing Party's documents contain Detailed Process Flows or Recipes, such information will be redacted from the production copies of such documents and unredacted copies will be made available on the Source Code Computers. For clarity, only documents that have been treated as a matter of policy by the Producing Party with strict security, monitored access, and password controls prior to February 21, 2020 (to the extent such documents existed at that time) and thereafter, shall be considered source code under this provision.

9.  For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-g). However, third parties producing materials under this Order may limit access to material designated RESTRICTED - ATTORNEYS' EYES ONLY to outside counsel for the parties (*i.e.*, no access by in-house counsel).

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)  Access to a Party's Source Code Material shall be provided only on "stand-alone" non-networked, password protected computer, which shall not be connected to any

---

[3] The Parties agree to meet and confer in good faith to the extent TI identifies other highly sensitive and proprietary technical information, not contemplated here, that may require similar Source Code Material protections in this case.

peripheral device other than a monitor, keyboard, printer, and mouse. The stand-alone computer(s) will be configured to prevent additional peripheral devices (e.g., USB thumb drives) from being connected to them. The stand-alone computer(s) may only be located within the continental United States, unless otherwise agreed to in writing by the parties. Alternatively, solely at the option of the producing Party, the producing Party may make such source code available on a Source Code Computer that is networked, in a configuration deemed secure by the producing Party. The Source Code Computer may be connected to a printer for operation by staff of the producing Party's outside counsel or escrow facility vendor for the limited purposes permitted pursuant to paragraph 10(h) below. The producing Party will provide such materials for inspection at (1) their outside counsel's office in Marshall, Texas; (2) another suitable office of their outside counsel; (3) a secure escrow facility operated by Legility ("Review Facility") or (4) another mutually agreed upon location. However, notwithstanding the above (or any provisions below), in light of the Court's Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief Judge Rodney Gilstrap During the Present Covid-19 Pandemic ("COVID Order"), and only because of the extraordinary exigencies and restrictions presented by the COVID-19 pandemic, remote access to the Source Code Computer shall be provided by the producing Party so as to eliminate the need for in-person review while the COVID Order remains in effect ("Remote Review").[4]

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time, Monday through Friday (excluding holidays), upon four business days' notice. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action, which includes making the source code and source code computer available for inspection through trial;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

---

[4] Any Remote Review shall be governed by the additional procedures set forth in paragraphs 10(q-r). Further, consistent with the COVID-19 Standing Order, the Parties have separately agreed to modify, for the duration of this case, the in-person inspection procedures set forth in this Order for certain Source Code Materials such that Remote Review will be available for such materials, again solely due to the exigencies and restrictions presented by the COVID-19 pandemic.

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to five (5) outside consultants or experts[5,6] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party, or presently employed by or consulting for a competitor of a Party retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above ("Authorized Reviewers"). A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party may request printing of any source code files that the requesting party believes are reasonably necessary for use in this action (as described further below). The receiving Party shall not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code Material electronically on the stand-alone computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code Materials in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence. The producing Party shall provide the ability for the receiving Party to save relevant files that it believes are reasonably necessary for use in this case as PDFs (preserving the line numbers and formatting using a program such as Notepad++) to a folder on the source code review computer for

---

[5] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

[6] *See* clarification in footnote to paragraph 5(e) above, which applies to this paragraph as well.

printing. Within four (4) business days of a written request to outside counsel, the producing Party shall (A) provide one copy set of such pages to the receiving Party on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" or (B) inform the receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after promptly meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the producing party must file a motion for protective order within five (5) business days to prevent production of any requested files. Otherwise, the requested materials must be produced. The burden shall be on the producing Party to demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose. Provided a motion is timely filed any contested source code printouts need not be produced to the receiving Party until the matter is resolved by the Court. Any portion of the source code printouts that is not objected to by the producing party or that is resolved by the meet and confer process will be produced to the receiving party. The printed pages shall constitute part of the source code produced by the producing Party in this action;

(i)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(j)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(k)     All paper copies shall be securely destroyed if they are no longer necessary in the Litigation (e.g., extra copies at the conclusion of a deposition). Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

(l)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(m)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable

electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(l) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer;

(n)     The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code Material into the notes and may not take such notes electronically on the standalone computer itself or any computer that is connected to any network. For clarity, notes can be taken on a non-networked laptop computer that is not connected to the Internet, but no other recording devices, including, but not limited to, audio, image or video recorders; or wireless devices with data transmission capabilities or recording capabilities (e.g., cameras), will be permitted in the room housing the stand-alone computer(s), unless agreed otherwise by the parties in writing. Furthermore, notwithstanding any other provision herein, the receiving Party's representatives may include specific file, function, and variable names in any notes but may not copy any lines of the Source Code into such notes. Further, no other written, photographic, or electronic record of the Source Code Material is permitted except as otherwise provided herein.

(o)     The producing Party may post a representative outside of the source code review room for security, to ensure that only persons permitted under this Protective Order enter the review room, and to ensure that prohibited items are not carried into the review room. The source code review room may include a glass window, door, or wall, such that the source code reviewers are within the visual field of the posted representative, but not so that the posted representative can specifically monitor the activities of the source code reviewers during any source code review. Any observer used by the producing Party shall be a reasonable distance away from the receiving Party's representatives during any review so as to refrain from overhearing a quiet conversation (in order that the receiving Party's representatives can quietly discuss the Source Code Material in the course of their review) and to avoid viewing any work product generated by the receiving Party's representatives. Further, to the extent that the source code review room does not include sufficient space for a person reviewing code to separately access otherwise restricted items while not in the course of actually reviewing the source code, the producing Party shall make available a work room for the reviewer to do so, upon reasonable request and as the review location allows; and

(p)     The receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that (1) the receiving Party possesses an appropriate license (including a trial license) to such software tools; (2) such software tools are compatible with the operating system used in the ordinary course

11

of the producing Party's business; and (3) such software tools are reasonably necessary for the receiving Party to perform its review of the source code consistent with all of the protections herein. The receiving Party must provide the producing Party with such licensed software tool(s) at least four (4) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the computer containing the Source Code Material.

(q)     Defendant agrees to provide five (5) remote review laptops ("Remote Review Laptops"). Any Remote Review Laptops made available by Defendant may be used as follows:

    i.     The Remote Review Laptop must be kept, at all times when not in use in accordance herewith, within a locked safe or a locked room (including a secure closet or cabinet) within the office or home of the Authorized Reviewers when not in use;

    ii.     Any Authorized Reviewer who is to receive a Remote Review Laptop shall, prior to receipt thereof, provide producing party with details regarding the location at which such computer will be used for reviewing ("Source Code Review Room") and the location at which such computer will be stored when not being used for reviewing, for the sole purposes of ensuring compliance with the requirements of this paragraph regarding the location in which such computer is to be stored;

    iii.     Except as required below, no recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, smart watches, peripheral equipment, cameras, devices containing unobstructed cameras (e.g., webcams, unless entirely shielded with an opaque material), CDs, DVDs, or drives of any kind, may be in the Source Code Review Room when the Remote Review Laptop is powered on; however, to the extent such devices are unable to be removed without substantial burden (e.g. desktop computer) such devices shall be powered off and remain off during the review of the source code;

    iv.     Remote Review Laptop shall have a webcam that producing Party can use to monitor activities of Authorized Reviewer during review to ensure that no unauthorized records of source code are being created and that no one other than Authorized Reviewer is in the room;

    v.     At the beginning of each review session, Authorized Reviewer shall activate webcam;

    vi.     While any Remote Review Laptop is in use, no one other than Authorized Reviewer may be permitted in the Review Room and the Remote Review Laptop's screen shall be positioned in such a way that it is not visible from any external window of the room in which it is stored, or such window shall be covered with blinds, shades, or a similar covering;

vii.    Remote Review Laptop shall be turned off when not in active use;

viii.   Remote Review Laptop shall not be connected to a printer in any way;

ix.    During the review session and at all other times, the authorized reviewer shall not copy, remove, or otherwise transfer any Source Code Materials from the Remote Review Laptop including, without limitation, copying, removing, transferring, or otherwise capturing (through video, photo, or any other means) the Source Code onto any recordable media or recordable device;

x.    Authorized Reviewers shall provide Defendant with one business day's notice that they are beginning a review session before the Remote Review Laptop is turned on. However, the producing Party will accommodate reasonable requests to review code on shorter notice.

xi.    Defendant's counsel will - upon receiving such notice - provide a single use password to Authorized Reviewer to access Remote Review Laptop. That password may not be shared with any other person and may only be used by the Authorized Reviewer who received the password;

xii.   Review should take place during normal business hours (9am-6pm Central);

xiii.  At the beginning of a session, any Authorized Reviewer shall further participate in a video identification verification in which they will present over video a government issued picture ID card to verify their reviewer's identity;

xiv.   In addition to the other provisions provided above regarding print requests, print requests shall be sent to Defendant's counsel by providing precise file path, file name, and line number range; any source code printouts shall be kept in a secure locked area in the office or home of the Authorized Reviewer.

(r)   Any Remote Review Laptop made available by Defendant may be transported as follows:

i.    Via hand carry, Federal Express, or other similarly reliable courier by Defendant to a location mutually agreed upon by the Parties; and

ii.   Each Remote Review Laptop may not be removed from said location, except to be returned to the location requested by the Defendant via hand carry, Federal Express, or other similarly reliable courier, after providing notice to Defendant of the intended shipment and receiving confirmation from Defendant that such shipment can be securely received.

11.  Any attorney representing the Plaintiff, whether in-house or outside counsel, and any

person associated with the Plaintiff and permitted to receive the Defendant's Protected

Material that is designated RESTRICTED - ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the Defendant's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the Plaintiff or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, the Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. This provision does not prohibit counsel of record or experts from participating in or representing a Party in reexamination proceedings, post-grant review proceedings, *inter partes* review proceedings, or covered business method review proceedings involving any of the Plaintiff's Patents provided they do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims in those proceedings. To the extent a party believes that is necessary to submit any information produced in this Action to the Patent Trial and Appeal Board in connection with any *inter partes* review proceeding, that information will be submitted under the highest confidentiality designation under the Patent and Trial Board's default Protective Order.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to

have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.   Parties may, at the deposition or hearing or within fourteen (14) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 14-day period, the entire deposition or hearing transcript shall be treated as confidential.

16.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the

legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.   The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order,

and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.    Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall be destroyed. For clarity, the parties are not required to search backup files/systems, or email backups, but individuals who have received DESIGNATED MATERIAL shall make a reasonable search of accessible emails to delete emails containing DESIGNATED MATERIAL. The receiving Party shall verify

18

the return or destruction by written notice furnished to the producing Party, upon the producing Party's request. Outside counsel for the Parties shall be allowed to retain an archival copy of all pleadings and motions, including attachments, trial, hearing, and deposition transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. In-house counsel for the Parties may retain court filings redacted to the satisfaction of the producing Party. However, the provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, DESIGNATED MATERIAL produced hereunder shall continue to be binding after this action concludes.

23.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 25th day of August, 2020.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BELL SEMICONDUCTOR, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:20-CV-00048-JRG |
| | § | |
| TEXAS INSTRUMENTS | § | |
| INCORPORATED, | § | |
| | § | |
| *Defendant*. | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____. My

current  employer  is  _____.  My

current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and

understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes  of  this  action  any  information  designated  as  "CONFIDENTIAL,"

"RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will destroy or return all documents and

things  designated  as  "CONFIDENTIAL,"  "RESTRICTED  -  ATTORNEYS'  EYES

ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____

2